# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

AMY IVORY,

    Plaintiff,

v.                                                                                    Case No.

THE NEMOURS FOUNDATION d/b/a
NEMOURS CHILDREN'S SPECIALTY
CARE, a Florida Not-For-Profit Corporation,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, THE NEMOURS FOUNDATION ("Nemours" or "Defendant"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, removes this action from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida to the Jacksonville Division of the United States District Court for the Middle District of Florida, and in support thereof, states:

## BASIS FOR REMOVAL

1. Nemours removes this action pursuant to 28 U.S.C. § 1441 as an action over which this Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under (i) the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, for FMLA interference and FMLA

retaliation; (ii) the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, for discrimination and retaliation; (iii) the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, for discrimination and retaliation; and (iv) Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, for discrimination and retaliation. The remaining and related state law claims brought under the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat., § 760, *et seq.* are within this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

## PROCEDURAL REQUIREMENTS

2. On March 16, 2021, Plaintiff, AMY IVORY ("Ivory" or "Plaintiff"), filed a complaint against Nemours in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, Case No. 162021CA001534XXXXMA ("Complaint" or "Compl.").

3. Nemours was served with a Notice of Service of Process, Summons, and the Complaint on March 29, 2021. Nemours files this notice of removal within the 30-day period prescribed in 28 U.S.C. § 1446(b)(1).

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers or exhibits served on Nemours as of the date of removal are attached hereto as **Composite Exhibit A**.

5. The United States District Court for the Middle District of Florida embraces the county in which the Complaint was pending and, thus, this Court is the proper forum for removal pursuant to 28 U.S.C. § 89(b) and 1441(a).

6. Nemours is the only defendant named in the Complaint.

7. In accordance with 28 U.S.C. § 1446(d), a copy of this notice of removal is being served on all parties and filed with the Clerk of the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. A true and correct copy of the Notice to State Court of Removal that will be filed and served in state court is attached hereto as **Exhibit B.**

8. Defendant has not attempted to litigate this case in state court or taken any action that could be construed as a waiver of the right of removal.

9. By removing the above-captioned case to this Court, Defendant does not waive any of its available defenses. Defendant specifically reserves all of its available defenses.

10. This Notice has been signed by the undersigned pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. § 1446(a).

## **FEDERAL QUESTION JURISDICTION**

11. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331, 1441(a). To determine whether a case "arises under" federal law, the court must apply the "'well-pleaded complaint rule,' which provides

that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "A federal question 'is presented' when the complaint invokes federal law as the basis for relief." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 12 (2003).

12. Although Defendant disputes any liability to Plaintiff, Defendant expressly incorporates the allegations contained in the Complaint for the purpose of demonstrating the propriety of removal.

13. The above-described action is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. § 1331. This case may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441(a) in that this is a civil action arising under laws of the United States.

14. Specifically, Plaintiff has plead twelve causes of action against Defendant, alleging claims under the FMLA (Counts I and II of the Complaint), ADA (Counts III and IV of the Complaint), ADEA (Counts V and VI of the Complaint), Title VII (Counts VII and VIII of the Complaint), and FCRA (Counts IX through XII of the Complaint):

> **GENERAL ALLEGATIONS**
>
> 1. This is an action by the Plaintiff for damages, declaratory and injunctive relief and damages under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"); the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); and the Florida Civil Rights Act of 1992, Florida Statutes, § 760, *et seq.* ("FCRA") to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of Plaintiff's disability, race, and age – as well as the retaliation based on that discrimination.

15. Ivory alleges the same facts and theories of liability with respect to all of her claims. Compl., ¶¶ 1–31. Plaintiff does not differentiate in any way between the alleged acts of discrimination or retaliation under the ADA, ADEA, Title VII, and FCRA, nor does she distinguish facts allegedly constituting FMLA interference and retaliation. *Id.* at ¶¶ 32, 39, 46, 57, 65, 77, 85, 100, 108, 119, 131, 142 (each "re-adopt[ing] each and every factual allegation as stated in paragraph 1-31 above as if set out in full herein" for each cause of action).

## SUPPLEMENTAL JURISDICTION

16. Pursuant to 28 U.S.C. § 1441(c), Plaintiff's FCRA claims may be removed with the entire case, and the District Court may determine all issues therein because the FCRA claims are so related to the claims within the

original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.

17. This Court has supplemental jurisdiction over Plaintiff's FCRA claim under 28 U.S.C. § 1367(a), which arises from Plaintiff's employment relationship with Defendant and the alleged termination thereof, and are part of the same case or controversy alleged in Plaintiff's federal claims. *See, e.g.*, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005) ("Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction.").

18. Moreover, none of the discretionary exceptions to this Court's exercise of supplemental jurisdiction enumerated in 28 U.S.C. § 1367(c) are present.

19. The state law claims do not raise novel or complex issues of state law, or substantially predominate over the FMLA, ADA, ADEA, or Title VII claims. *See* 28 U.S.C. § 1367(c)(1) and (2); *see also, Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007) (deciding ADA and FCRA claims under the same framework); *Cardelle v. Miami Beach Fraternal Order of Police*, 593 Fed.Appx. 898, 901 n. 6 (11th Cir. 2014) (deciding ADEA and FCRA claims under the same framework); *Harper v. Blockbuster Entm't Corp.*, 139

F.3d 1385, 1387 (11th Cir. 1998) (deciding FCRA and Title VII claims under the same framework).

20. As of the filing of this notice of removal, the Court has not dismissed all federal claims. *See* 28 U.S.C. § 1367(c)(3).

21. There are no "exceptional circumstances" or "compelling reasons" to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(4).

22. As such, this Court should exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

**WHEREFORE**, Defendant prays that this Notice of Removal be deemed good and sufficient, and that Plaintiff's Complaint be removed from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, into this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action as if it had been originally commenced in this Court.

Dated: April 19, 2021                         Respectfully submitted,

/s/ John S. Lord, Jr.
**Foley & Lardner LLP**
John S. Lord, Jr.
Florida Bar No. 0016527
jlord@foley.com
2 South Biscayne Blvd., Ste. 1900
Miami, FL 33131
Phone: 305-482-8420

        Fax:  305-482-8600

        Sarah Guo
        Florida Bar No. 0123826
        sguo@foley.com
        111 North Orange Ave., Ste. 1800
        Orlando, FL 32801
        Phone: 407-236-5901
        Fax:  407-648-1743

        **Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy thereof has been furnished to the following via electronic transmission, through CM/ECF on this 19th day of April, 2021.

        Peter M. Hoogerwoerd, Esq.
        Remer & Georges-Pierre, PLLC
        44 West Flagler Street, Suite 2200
        Miami, FL 33130
        mph@rgpattorneys.com

        **Attorneys for Plaintiff**

        */s/ John S. Lord, Jr.*
        John S. Lord, Jr.
        Florida Bar No. 0016527