IN THE CIRCUIT COURT OF THE
4ᵀᴴ JUDICIAL CIRCUIT IN AND FOR
DUVAL COUNTY, FLORIDA

AMY IVORY,                                    CASE NO.

      Plaintiff,

v.

THE NEMOURS FOUNDATION
d/b/a NEMOURS CHILDREN'S
SPECIALITY CARE,
a Florida Not-for-Profit Corporation,

      Defendant.

_____/

## COMPLAINT

Plaintiff, AMY IVORY ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, THE NEMOURS FOUNDATION d/b/a NEMOURS CHILDREN'S SEPICALITY CARE ("Defendant"), a Florida Not-for-Profit Corporation; and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages, declaratory and injunctive relief and damages under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"); the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); and the Florida Civil Rights Act of 1992, Florida Statutes, § 760, *et seq.* ("FCRA") to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of Plaintiff's disability, race, and age – as well as the retaliation based on that discrimination.

1

2. Plaintiff was an employee of Defendant, which at all pertinent times had a storefront location at or near 807 Children's Way, Jacksonville, Florida 32207 – located in Duval County, Florida.

3. Venue is proper in Duval County, Florida because all of the actions complained of herein occurred within Duval County, Florida; Defendant has purposefully availed itself to the jurisdiction of Duval County, Florida; and payment is due in Duval County, Florida.

4. Plaintiff was an employee covered by the FMLA in that she was punished for exercising her rights under the FMLA concerning Plaintiff's medical illness.

5. Defendant employs fifty (50) or more employees within a seventy-five (75) mile radius for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year – satisfying the requirements of the FMLA.

6. Plaintiff was employed for at least twelve (12) months by Defendant and has worked at least 1,250 hours in the twelve (12) months – satisfying the requirements of the FMLA.

7. Plaintiff is within a class of individuals protected by the ADA due to her physical impairments stemming from rheumatoid arthritis.

8. Plaintiff alleges causes of action for violations of the ADA as a result of Defendant's adverse treatment, including but not limited to, termination.

9. Defendant was a "person" and/or an "employer" pursuant to Title VII and the FCRA since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

10. At all times material hereto, Plaintiff was an "employee" within the meaning of Title VII and the FCRA.

11. Defendant is an "employer" pursuant to the ADEA since it employs twenty (20) or more employees for the applicable statutory period.

2

12. Plaintiff previously filed a timely charge of employment discrimination – on or about May 19, 2020 – with the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination.

13. The EEOC on or about January 5, 2021 issued a "Notice of Suit Rights" in this matter. Plaintiff will be exercising those rights in this litigation.

14. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

15. Plaintiff has retained the undersigned counsel in order that Plaintiff's rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## FACTS COMMON TO ALL COUNTS

16. Plaintiff – a black woman who is over forty (40) years of age – was hired by Defendant on or about August 2005.

17. Plaintiff suffers from rheumatoid arthritis – an autoimmune disease which attacks the sufferer's joints and bones. As a consequence of Plaintiff's disease, Plaintiff must undergo chemotherapy treatments and various surgeries.

18. On or about 2015, Teresa Powers ("Powers") – Plaintiff's white Supervisor – was accused of stealing funds from Defendant. Plaintiff observed Power's theft and testified against Powers in an investigation into Power's conduct. Ultimately, Powers was allowed to retain her position in Defendant's organization.

19. After testifying against Powers, Plaintiff has been subject to discriminatory treatment by Powers.

3

20. In one such instance, Plaintiff wore a headscarf around Plaintiff's head during a round of Plaintiff's chemotherapy sessions to obscure Plaintiff's balding head. In response, Powers told Plaintiff it would be more professional if Plaintiff got a "Tina Turner type" wig to wear at the office.

21. On or about 2016, Plaintiff requested to work-from-home so that Plaintiff could better treat and manage her rheumatoid arthritis. Plaintiff's request was denied by Powers.

22. Plaintiff then complained to Defendant's Human Resources (HR) through JL Puckett ("Puckett") – who is white. Puckett ignored Plaintiff's concerns and stated it was a matter between Plaintiff and Powers.

23. In each subsequent year until 2020, Plaintiff has requested permission from the Defendant to work-from-home. Each time, Plaintiff's request has been denied by Powers.

24. In one instance, Powers denied Plaintiff's request because Powers believed that Plaintiff wanted to only work-from-home to care for Plaintiff's child.

25. In each subsequent year until 2020, Plaintiff has also filed complaints to Defendant's HR department. Plaintiff's complaints were always brushed aside and Plaintiff's problems were never cured.

26. Curiously, Powers has permitted younger, non-black employees to work-from-home since 2016. For example, Powers permitted Virginia Miller – who is white – to work-from-home after being employed by Defendant for only two (2) months.

27. Plaintiff had an assigned parking spot in a spot reserved for disabled persons due to Plaintiff's medical condition. On or about May 2019, Powers told Plaintiff that Plaintiff could no longer park in Plaintiff's assigned disabled parking spot. Plaintiff was forced to move to another parking spot further away from Plaintiff's office.

4

28. On or about September 18, 2019, Plaintiff was called into Powers office. Powers then blocked the door with her body and began and to yell and berate Plaintiff. Powers was apparently upset with Plaintiff for something which occurred at an earlier meeting that day.

29. The same day – September 18, 2019 – Plaintiff filed a complaint to HR for Power's conduct in Power's office, as well as Power's general discriminatory and harassing treatment towards Plaintiff.

30. On September 24, 2019, Plaintiff took FMLA leave to prepare for an upcoming surgery to help alleviate Plaintiff's rheumatoid arthritis. Plaintiff's FMLA leave was pre-approved by Defendant's HR.

31. On December 23, 2019, Defendant claimed Plaintiff had resigned and ended Plaintiff's employ with Defendant. In actuality, Plaintiff did not ever resign from her position at Defendant's organization – Plaintiff was terminated by Defendant.

## COUNT I

### *Interference with Rights Under 29 U.S.C. § 2601*

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 above as if set out in full herein.

33. Plaintiff is an individual entitled to protection under the FMLA.

34. Plaintiff is an employee within the meaning of the FMLA.

35. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

36. Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights.

37. Defendant's actions constitute violations of the FMLA.

38. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

5

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II

### *Retaliation Under 29 U.S.C. § 2601*

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 above as if set out in full herein.

40. Plaintiff is an individual entitled to protection under the FMLA.

41. Plaintiff is an employee within the meaning of the FMLA.

42. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

43. Defendant retaliated against Plaintiff for exercising her rights protected under the FMLA.

44. Defendant's actions constitute a violation of the FMLA.

6

45. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d.  Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

    e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III

### *Disability Discrimination in Violation of 42 U.S.C. § 12101*

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 of this complaint as if set out in full herein.

47. Plaintiff is a member of a protected class under the ADA.

48. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

7

49. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff suffered from rheumatoid arthritis.

50. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant was aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

51. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

52. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

53. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

54. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

55. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

56. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable

damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a.  Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV

### *Retaliation in Violation of 42 U.S.C. § 12101*

57. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 of this complaint as if set out in full herein.

58. Plaintiff is a member of a protected class under the ADA.

59. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the ADA.

9

60. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

61. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

62. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

63. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

64. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V

### *Age Discrimination in Violation of 29 U.S.C. § 621*

65. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-31 above as if set out in full herein.

66. Plaintiff is a member of a protected class under the ADEA, to wit Plaintiff is over forty (40) years of age.

67. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

68. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

69. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

70. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment

with the Defendant.

71. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

72. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

73. Defendant's bases for the adverse conduct against Plaintiff, if any, are pre-textual and illegitimate, asserted only to cloak the discriminatory nature of their conduct.

74. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

75. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

76. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits'

adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI

### *Retaliation in Violation of 29 U.S.C. § 621*

77. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 of this complaint as if set out in full herein.

78. Plaintiff is a member of a protected class under the ADEA, to wit Plaintiff is over forty (40) years of age.

79. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the ADEA.

80. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of age was unlawful but acted in reckless disregard of the law.

81. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

13

82. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

83. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

84. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's retaliatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the ADEA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VII

### *Race Discrimination in Violation of 42 U.S.C § 2000e*

85. Plaintiff pursuant to Title VII, 42 U.S.C. § 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-31 of this initial complaint and states:

86. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. § 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

87. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's race.

88. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's race – black.

89. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff was black.

90. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

91. The Plaintiff was qualified for the position apart from her apparent race.

92. The Plaintiff was discriminated against by his supervisor because she was black.

93. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

94. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

95. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his race in violation of Act with respect to its decision to treat Plaintiff different from other employees.

96. Plaintiff was fired by Defendant and these actions were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was black, in violation of the Act.

97. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

98. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's race.

99. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race. The discrimination on the basis of race constitutes unlawful discrimination.

**WHEREFORE** Plaintiff respectfully prays for the following relief against Defendant:

a. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race.

b. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

c. Reinstate full fringe benefits and seniority rights to Plaintiff.

d. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his national origin.

e. For a money judgment representing prejudgment interest.

f. Award any other compensation allowed by law including punitive damages,

g. Attorney's fees and further demands a trial by jury on all issues so triable.

## COUNT VIII

### *Retaliation in Violation of 42 U.S.C. § 2000e*

100. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 of this complaint as if set out in full herein.

101. Plaintiff is a member of a protected class under Title VII.

102. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under Title VII.

103. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

104. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

105. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

106. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

107. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's retaliatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant have violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IX

### *Disability Discrimination in Violation of the FCRA*

108. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 above as if set out in full herein.

109. Plaintiff is a member of a protected class under the FCRA.

110. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

111. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff suffers from rheumatoid arthritis.

112. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

113. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

114. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

115. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

116. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

117. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

118. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT X

### *Age Discrimination in Violation of the FCRA*

119. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-31 above as if set out in full herein.

120. Plaintiff is a member of a protected class under the FCRA, to wit Plaintiff is over forty (40) years of age.

121. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

122. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

123. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

124. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

125. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

126. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

127. Defendant's bases for the adverse conduct against Plaintiff, if any, are pre-textual and illegitimate, asserted only to cloak the discriminatory nature of their conduct.

128. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

129. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

130. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the



        full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT XI

### *Race Discrimination in Violation of the FCRA*

131.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 above as if set out in full herein.

132.  Plaintiff is a member of a protected class under the FCRA.

133.  By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

134.  Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is black.

135.  Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

136.  At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

137.  Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

138.  As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has

23

been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

139. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

140. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

141. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

g.  Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

h.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

i.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

j.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by



Defendant, or in lieu of reinstatement, award front pay;

k.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

l.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT XII

### *Retaliation in Violation of the FCRA*

142. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 of this complaint as if set out in full herein.

143. Plaintiff is a member of a protected class under the FCRA.

144. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

145. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of age, disability, and race was unlawful but acted in reckless disregard of the law.

146. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

147. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

148. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal



law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

149. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.



Dated: *March 16, 2021*

Respectfully submitted,

 /s/Peter M. Hoogerwoerd
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
Email: pmh@rgpattorneys.com
**Remer & Georges-Pierre, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile