UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AMY IVORY,

    Plaintiff,

v.                                           Case No. 3:21-cv-423-TJC-MCR

THE NEMOURS FOUNDATION, a
Florida Not-for-Profit Corporation,

    Defendant.

## **O R D E R**

This case before the Court on Defendant The Nemours Foundation's ("Nemours") Motion to Dismiss Amended Complaint. Doc. 24. Plaintiff Amy Ivory has filed a Response, Doc. 25, and Nemours a Reply, Doc. 29.

**I.   BACKGROUND**

Ivory's First Amended Complaint follows the Court's dismissal of her initial complaint, which was removed from state court. Docs. 1, 22. Ivory's original complaint and Amended Complaint allege discrimination and retaliation in Ivory's termination and other treatment. Docs. 4, 23. Ivory, who is represented by counsel, is a Black woman over the age of 40 who suffers from severe rheumatoid arthritis. Doc. 23 at 3. The Amended Complaint explains that the first ten years of Ivory's employment passed without incident, but in 2015 Ivory testified against her supervisor, Teresa Powers (a white woman) in

a theft investigation, and that afterwards Powers began "subject[ing her] to discriminatory treatment . . . ." Id. at 3–4. Ivory alleges a dozen violations of discrimination and retaliation under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA"); the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. ("ADEA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"); and the Florida Civil Rights Act of 1992, Florida Statutes, § 760, et seq. ("FCRA"). Id.

The Court dismissed Ivory's original complaint, counseling Ivory to look closely at her counts and determine which of them would actually be supported by the facts of the case. Ivory did not do so: the Amended Complaint includes identical counts and fails to rectify simple mistakes such as incorrect pronouns.[1] Doc. 23 at 17, 18. Ivory has added some details to her general allegations to include additional facts about her employment, disability, and termination, including that she "suffers from acute myeloid leukemia which is a comorbid disease associated with her autoimmune disease," and "has lost the use of" her left hand and both knees, losses that themselves "qualify as disabilities . . . ."

---

[1] Ivory's counsel informed the Court that a clerk had prepared the original complaint and it had been insufficiently reviewed due to Covid-19. Perhaps this excuse for the complaint's poor overall composition sufficed to explain the deficiencies in the first complaint. Having offered Ivory ample opportunity to amend, the Court is unsure why the Amended Complaint suffers nearly identical issues in form and substance.

Id. at 3. However, she does not allege when this diagnosis and disability occurred. She alleges that Nemours refused to "engage in any interactive process to reasonably accommodate" her disabilities, including permitting her to work from home, while "younger, Caucasian and non-disabled comparators were allowed to remotely work from home in 2019," of which she names four. Id. at 4–5. Likewise, she alleges that Nemours "failed to engage in an interactive process to reasonably accommodate [Ivory's] need for chemotherapy," though Ivory "emailed [her supervisor] Ms. Powers regarding scheduling [of] her chemotherapy appointments." Id. at 5–6. She does not provide examples of her requests to attend chemotherapy appointments being denied. Ivory also added allegations that she formally complained to a white HR employee, who "ignored [Ivory's] concerns and stated it was a matter between her and Powers." Id. at 5. Finally, Ivory adds that in September 2019, Powers and another supervisor attempted to terminate her to prevent her from receiving approved FMLA leave. Id. at 6. The same supervisors later "claimed [Ivory] had resigned and ended [her] employ," during her FMLA leave period, when in reality she "did not ever resign from her position," but instead was "terminated by [Nemours] in retaliation for her taking FMLA leave without regard for [her] disabilities." Id.

3

## II. ANALYSIS

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). "[A] formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A statement of [discriminatory] conduct, even conduct consciously undertaken, needs some setting suggesting [the required elements of the] claim." Id. at 557. In evaluating a motion to dismiss, Court will assume any non-conclusory factual allegations are true, Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009), and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570. For example, in a Title VII case, "'a plaintiff's complaint must provide enough factual matter (taken as true) to suggest intentional . . . discrimination.'" Agostino v. Lee Cnty. Bd. of Cnty. Comm'rs, No. 2:17-CV-236-SPC-CM, 2017 WL 2930807, at *2 (M.D. Fla. July 10, 2017) (quoting Castillo v. Allegro Resort Mktg., 603 Fed. App'x. 913, 917 (11th Cir. 2015)). A motion to dismiss may also be granted "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has failed to allege that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679.

4

### A. Ivory's Shotgun Pleading

A shotgun complaint contains allegations that are not clearly tied to counts, but rather where each count incorporates a long list of general allegations. Shotgun pleadings "fail to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015).

Ivory's counts "re-adopt[] each and every factual allegation as stated in paragraphs 1–32 of this complaint as if set out in full herein." See Doc. 23 at 6–8, 10, 12, 14, 16, 18, 20, 22, 24, 26. Except for Counts I and II, this is a shotgun pleading. Neither Nemours nor the Court is able to discern which factual allegations go to which of Ivory's numerous claims. For this reason alone, the Court could dismiss Ivory's Amended Complaint as to the remaining counts. However, because this was Ivory's second attempt at properly pleading a federal complaint, the Court will also explain why the remaining counts fail to state a claim.

### B. Ivory's Counts

#### 1. FMLA

"To state a claim of interference [under the FMLA], the employee must allege that he was entitled to a benefit under the FMLA and was denied that benefit." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1247 (11th Cir.

2015). Ivory alleges in the Amended Complaint that she was approved for FMLA leave, but that supervisors at Nemours "attempted to terminate [Ivory] one day prior to her surgery in order to prevent [her] from receiving her FMLA leave." Doc. 23 at 6. Ivory then alleges that "during [her] FMLA leave,[Nemours] claimed [she] had resigned and ended [her] employ . . . ." Id. In the following sentence she alleges that she "was terminated by [Nemours] in retaliation for her taking FMLA leave without regard for [her] disabilities." Id. While her allegations are close to "an unadorned, the-defendant-unlawfully-harmed-me accusation," Iqbal, 556 U.S. at 678, she alleges bare facts that amount to either interference with her rights under the FMLA, or retaliation for taking FMLA leave. See Strickland v. Water Works & Sewer Bd. of City of Birmingham, 239 F.3d 1199, 1206 (11th Cir. 2001) ("[T]he FMLA creates two types of claims: interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights . . . and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in [protected] activity . . . ."). Ivory's FMLA interference and retaliation claims (Counts I and II) are (barely) sufficiently pled to withstand a motion to dismiss.

### 2. ADA and FCRA

Nemours argues that Ivory fails to demonstrate that she has a "covered disability" under the ADA and FRCA, that is, "a physical or mental impairment

6

that substantially limits one or more major life activities . . . ." 42 U.S.C. § 12102(1); Equal Emp. Opportunity Comm'n v. STME, LLC, 938 F.3d 1305, 1314 (11th Cir. 2019). Ivory alleges that she has rheumatoid arthritis that requires her to receive chemotherapy and surgeries, and that she also now suffers from acute myeloid leukemia and has lost the use of multiple body parts. Doc. 23 at 3. "[A]n employee has a disability under the ADA when that employee actually has, or is perceived as having, an impairment that is not transitory and minor." STME, LLC, 938 F.3d at 1314 (quotation marks omitted). The definition of an 'actual disability' under the ADA requires that:

> [f]irst, she must have a recognized physical or mental impairment; second, she must identify one or more "major life activities" affected by the impairment; and third, she must show that the impairment "substantially limits" one or more of these activities. The first two elements are to be determined by the Court as a matter of law.

Smith v. Quintiles Transnat'l Corp., 509 F. Supp. 2d 1193, 1206 (M.D. Fla. 2007) (analyzing a claim under the ADA from a plaintiff who suffered from arthritis) (internal citation omitted). Ivory alleges that "these symptoms affected [Ivory's] major life activities during the course of her employment, such as sitting, standing, using her hands for work and working for extended periods of time," and that she received social security disability benefits following her termination. Doc. 23 at 3–4. She also alleges that Nemours was aware of her disability as evinced by her using a disabled parking spot and scheduling

7

chemotherapy sessions. Id. at 5–6.

Rheumatoid arthritis can be a recognizable physical impairment. See Smith, 509 F. Supp. 2d at 1207. However, no non-conclusory allegations tie Ivory's disability to discrimination. Ivory alleges that she was denied the ability to work from home, that her disabled parking spot privilege were revoked, and that she was terminated, but does not allege how any of these acts were caused by disability discrimination. The Court is unable to conclude that Ivory has stated an ADA claim. "[D]isability-discrimination claims under the FCRA are analyzed using the same framework as ADA claims." Holly v. Clairson Indus., LLC., 492 F.3d 1247, 1255 (11th Cir. 2007). Therefore, her ADA claim and FCRA disability claims fail.

### 3. ADEA and FCRA

"The ADEA prohibits employers from discriminating against an employee who is at least forty years old with respect to her compensation, terms, conditions, or privileges of employment, because of that employee's age." Austin v. FL HUD Rosewood LLC, 791 F. App'x 819, 823 (11th Cir. 2019) (quoting 29 U.S.C. §§ 623(a)(1), 631(a)) (alterations and quotation marks omitted). "The requisite causal connection between age and termination [or other terms of employment] may be sufficiently pled by, inter alia, factual allegations indicating that the plaintiff was replaced by a substantially younger individual or that the plaintiff was treated differently than a similarly situated,

8

substantially younger employee." Pinkney v. Maverick Condo. Ass'n, Inc., No. 6:11-CV-241-ORL-19DA, 2011 WL 2433505, at *2–3 (M.D. Fla. June 14, 2011) (denying motion to dismiss ADEA and Title VII claims when plaintiff pled that she was older than all non-fired employees and was the only female employee). Alternatively, the plaintiff must "allege[] facts adequate to raise her right to relief above a speculative level." Buchanan v. Delta Air Lines, Inc., 727 F. App'x 639, 641–42 (11th Cir. 2018) (describing set of allegations that of airline's efforts to terminate flight attendants which, taken together, sufficiently alleged age discrimination).

Ivory makes no such allegations. In fact, Ivory does not allege any facts that would support a claim of age discrimination. Ivory does allege that other "younger, non-black employees" were permitted to work from home. Doc. 23 at 5. However, she does not allege that these employees replaced her, or whether they had the same job responsibilities as her. In both her original complaint and the Amended Complaint, Ivory does not allege any facts that would support the claim that her age caused her termination or other adverse action, and so fails to allege an ADEA claim under Eleventh Circuit law. Cf. Castillo, 603 F. App'x at 917 (holding that an employer's statement "I want a young boy in your position" and then hiring a younger man to replace plaintiff was sufficient to allege age discrimination). "Courts employ the same analysis when evaluating age discrimination claims under the ADEA and FCRA." Cardelle v. Miami

9

Beach Fraternal Order of Police, 593 Fed. App'x. 898, 901 n.6 (11th Cir. 2014). Therefore, her state law claim fails as well.

### 4. **Title VII and FCRA**

"To state a race-discrimination claim under Title VII, a complaint need only provide enough factual matter (taken as true) to suggest intentional race discrimination." Surtain, 789 F.3d at 1246 (quotation marks and citation omitted). "At the pleading stage . . . a plaintiff need not plead a prima facie case of discrimination." Lacy v. City of Huntsville Alabama, No. 21-11410, 2022 WL 303385, at *4 (11th Cir. Feb. 2, 2022) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 515 (2002); Surtain, 789 F.3d at 1246). However,

> a complaint must offer "more than a sheer possibility that a defendant has acted unlawfully." Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Davis v. Auburn Bank, 704 F. App'x 837, 841–42 (11th Cir. 2017) (citation omitted). To state a claim under Title VII, a complaint need only "set out enough factual content to allow a court to draw the reasonable inference" that the defendant is liable for the alleged discrimination. Equal Emp. Opportunity Comm'n v. Catastrophe Mgmt. Sols., 852 F.3d 1018, 1023 (11th Cir. 2016) (quotation marks omitted, alterations adopted). It is not clear from the face of the Amended Complaint which alleged facts suggest intentional racial discrimination. For example, the job responsibilities and the "comparators"

10

Ivory names are not compared to Ivory's responsibilities. The "[A]mended [C]omplaint did not allege any other facts, much less a mosaic of circumstantial evidence, from which the court could reasonably infer more than the mere possibility" of discrimination. Lacy, 2022 WL 303385, at *5. Like the other counts discussed herein, "FCRA claims are analyzed under the same framework as claims brought under Title VII . . . ." King v. HCA, 825 F. App'x 733, 736 n.2 (11th Cir. 2020). Neither survives a motion to dismiss.

### C. Retaliation

"To state a claim for retaliation, an employee must allege sufficient facts to plausibly suggest that: (1) [s]he engaged in a statutorily protected activity; (2) [s]he suffered an adverse employment decision; and (3) that the decision was causally related to the protected activity." Surtain, 789 F.3d at 1247 (quotation marks and citation omitted). As with her claims of discrimination, Ivory has not specified how Nemours' acts amounted to legally-actionable retaliation under the ADA, ADEA, Title VII, or the FCRA. Therefore, her retaliation claims under these statutes also fail.

Accordingly, it is hereby

**ORDERED:**

1. Defendant The Nemours Foundation's Motion to Dismiss Amended Complaint (Doc. 24) is **GRANTED** as to **Counts III–XII**. Having given Plaintiff Amy Ivory a second chance to properly plead these counts, further amendment

would be futile. Counts III–XII of the First Amended Complaint (Doc. 23) are **DISMISSED with prejudice**. The Motion is **DENIED** as to **Counts I and II**.

2. Nemours shall **ANSWER** Counts I and II no later than **June 22, 2022**.

3. The parties continue to be governed by the Second Amended Case Management and Scheduling Order (Doc. 32).

**DONE AND ORDERED** in Jacksonville, Florida the 26th day of May, 2022.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

agb
Copies:

Counsel of record